**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

General Electric Company,

    Plaintiff-Counter-Defendant,                           Case No. 08-cv-298-bbc

    v.

SonoSite, Inc.,

    Defendant-Counter-Plaintiff.

---

**PLAINTIFF-COUNTER-DEFENDANT GENERAL ELECTRIC COMPANY'S OPPOSITION TO DEFENDANT-COUNTER-PLAINTIFF SONOSITE, INC.'S MOTION FOR LEAVE TO FILE A REPLY TO THE SECOND DECLARATION OF MARK SCHAFER, PH.D. IN SUPPORT OF PLAINTIFF-COUNTER-DEFENDANT'S MOTION FOR CONSTRUCTION OF CLAIM TERMS OF U.S. PATENT NO. 5,722,412**

---

General Electric Company ("GE") submits this brief in opposition to the motion of SonoSite, Inc. ("SonoSite") to file a reply declaration by its expert, Thomas L. Szabo, Ph.D., in response to the Second Declaration of Mark Schafer, Ph.D. filed by GE in support of GE's proposed claim construction.[1]

SonoSite contends that it should be permitted to file a further declaration by its expert, Dr. Szabo, on the issue of how to construe the phrase:

> "a sampled data beamformer for delaying and combining samples of echo signals received by elements of said array transducer".

---

[1] The SonoSite motion to file a reply is Docket No. 74. The Second Declaration of Mark Schafer is Docket No. 66 ("Schafer Decl. II"). The proposed Szabo reply declaration is Docket No. 74-2 ("Proposed Reply Decl.").

GE opposes that motion because Dr. Schafer's Second Declaration was a proper response to arguments made by SonoSite in its opening brief.

In its opening brief,[2] SonoSite expressly agreed that the common meaning of words of the claim "sampled data" and "beamformer" support GE's construction of this claim phrase, stating:

> "If the Court were to look no further than the claim language, GE's proposed construction of the disputed term would be acceptable."

SonoSite Br. at 12.  However, according to SonoSite's opening brief, the separate words of the claim when combined into the phrase "sampled data beamformer" cease to have their ordinary meaning and take on a special coined meaning including limitations not contained in the words of the claim, but present only in the specific embodiments described in the patent.  *Id*. at 12-14.

In response,[3] GE pointed out:

(1) that SonoSite's argument that the phrase "sampled data beamformer" had a special coined meaning – which SonoSite supported only with a bald statement by Dr. Szabo – was factually flawed because the words "sampled data" and "beamformer" when used by those skilled in the art – including the inventor of the '412 patent – whether alone or in combination, mean the same thing (much like "red" and "car" do not change meaning when combined into the phrase "red car"), and

(2) that SonoSite's argument was legally flawed because it required importing into the claim limitations not supported by the words of the claim.

See GE Reply Br. at 2 to 11.  These arguments were a perfectly proper response to SonoSite's rather bizarre contention that the words separately have a commonly understood meaning (with

---

[2] SonoSite's opening brief is Docket No. 56 ("SonoSite Br.").

[3] GE's response to SonoSite's opening brief is Docket No. 64 ("GE Reply Br.").

which GE agrees), but when combined assume some new meaning that is not simply a combination of the meanings of the individual terms.

GE could hardly have been expected to anticipate SonoSite's strange contention that the words, when combined, undergo a metamorphosis requiring that their plain meaning be changed. Accordingly, GE, via Dr. Schafer's Second Declaration, quite properly provided evidence to rebut SonoSite's contention. Therefore, the motion to file another declaration by Dr. Szabo should be denied.

If the Court should determine to consider the new declaration by Dr. Szabo that SonoSite submitted with its motion to file a reply, GE asks that the Court note the following points:

(1) None of the claims of the '412 patent is limited to "medical ultrasonic diagnostic systems." *See, e.g.,* '412 patent Claim 11 (Dkt No. 54-3 at 33). Yet Dr. Szabo, relying on statements in the specification that the invention "relates to" "medical ultrasonic diagnostic systems," dismisses as irrelevant some of the technical literature provided by GE to establish the meaning of the phrase "sampled data beamformer." Proposed Reply Decl. ¶¶ 5, 9. Dr. Szabo's dismissal of use of the phrase "sampled data beamformers" outside the medical diagnostic ultrasound field reflects his apparent lack of awareness that the claims (not the specification) define the scope of the invention – and in the case of the '412 patent, that scope is ultrasound systems generally, not merely medical diagnostic ultrasound.[4]

---

[4] In contrast to the '412 patent claims, which are not limited to a medical diagnostic ultrasound system, other patents in the '412 patent family have claims limited to medical diagnostic ultrasound systems. *See, e.g.,* Declaration of Robert E. McAlhany, Jr. In Support of GE's Opposition to SonoSite's Motion for Leave to File a Reply to the Second Declaration of Mark Schafer (filed herewith), Exh. 1, claim 1 ("A diagnostic ultrasonic imaging system..."). Having chosen not to so limit the '412 patent claims, the technology relevant to the '412 patent claims is not merely diagnostic systems, as Dr. Szabo improperly contends.

3

> (2) As discussed in GE's briefs, the '412 patent inventor, Mr. Pflugrath, uses the phrase "sampled data beamformer" in a manner that is consistent with the ordinary meaning of the individual words of the claims and contrary to the coined meaning being proposed by SonoSite. GE Reply Br. at 5. Dr. Szabo dismisses the inventor's understanding as irrelevant because of the timing of the inventor's use of the phrase. Proposed Reply Decl. ¶ 8. It is absurd to contend that the inventor's own understanding of a phrase used to describe his invention should be dismissed as irrelevant. Moreover, on the issue of timing, the '412 patent claims that contain the phrase "sampled data beamformer" issued in March 1998. The two patents in which Mr. Pflugrath used the phrase "sampled data beamformer" according to its ordinary meaning were filed shortly thereafter in November 1998. Schafer Decl. II, Exhs. F and G. (Dkt Nos. 66-7 and 66-8). It is SonoSite's litigation-inspired meaning for "sampled data beamformer" contrived more than ten years after the 1998 issuance of the '412 patent that is untimely – not the plain meaning proposed by GE.[5]

The burden was on SonoSite to show that the phrase "sampled data beamformer" had a coined meaning that is not merely the sum of its words. GE has established that the phrase has consistently been used, even by the '412 inventor, Mr. Pflugrath, to have the plain meaning proposed by GE.

SonoSite has done nothing to show that anyone (other than SonoSite's litigation-inspired expert, Dr. Szabo) has ever construed "sampled data beamformer" to have anything other than its plain meaning – which is the meaning GE proposes. Accordingly, even Dr. Szabo's declaration

---

[5] Indeed, as previously pointed out by GE, this coined meaning is of extremely recent vintage, having not even been espoused by SonoSite earlier this year in its litigation on the '412 patent against Zonare – where SonoSite did not contend that a "sampled data beamformer" had the special coined meaning that it now proposes. *See* GE Reply Br. at 6.

4

now being proffered by SonoSite does not support adopting the newly-minted construction that SonoSite has asked this Court to adopt.

                        Respectfully submitted,

November 17, 2008                /s/ Robert E. McAlhany, Jr.
                                           Robert E. McAlhany, Jr.

Allen A. Arntsen
aarntsen@foley.com
Jeffrey A. Simmons
jsimmons@foley.com
Justin Edwin Gray
jegray@foley.com
**FOLEY & LARDNER LLP**
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Tel:  608-258-4293
Fax: 608-258-4258

OF COUNSEL:

Theresa M. Gillis
gillist@howrey.com
**HOWREY LLP**
153 East 53rd Street, 54th Floor
New York, NY 10022
Tel:  212-896-6631
Fax:  212-896-6501

Matthew M. Wolf
wolfm@howrey.com
**HOWREY LLP**
1299 Pennsylvania Avenue N.W.
Washington, DC 20004
Tel: 202-783-0800
Fax: 202-383-6610

Jennifer A. Sklenar
sklenarj@howrey.com
**HOWREY LLP**
550 S. Hope Street, Suite 1100

5

DM_US:21604128_1

Los Angeles, CA 90071
Tel: 213-892-1800
Fax: 213-892-2100

Robert E. McAlhany, Jr., Ph.D.
mcalhanyr@howrey.com
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Tel: 650-798-3500
Fax: 650-798-3600

*Attorneys for Plaintiff/Counter-Defendant*
*General Electric Company*

6

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing document was served on the following counsel as follows on November 17, 2008.

/s/ Robert E. McAlhany, Jr.

| | |
|---|---|
| Christopher G. Hanewicz<br>chanewicz@perkinscoie.com<br>John Singleton Skilton<br>jskilton@perkinscoie.com<br>Sarah C. Walkenhorst<br>swalkenhorst@perkinscoie.com<br>Lissa R. Koop<br>lkoop@perkinscoie.com<br>PERKINS COIE<br>One East Main Street, Suite 201<br>Madison, WI 53703<br>Tel: 608-663-7460<br>Fax: 608-663-7499<br><br>(Via CM/ECF) | Mark S. Parris<br>mparris@orrick.com<br>Jeffrey Cox<br>jcox@orrick.com<br>**ORRICK HERRINGTON & SUTCLIFFE**<br>719 Second Avenue, Suite 900<br>Seattle, WA 98104-7097<br>Tel: 206-839-4300<br>Fax: 206-839-4301<br><br>(*Via CM/ECF*) |

M. Patricia Thayer
pthayer@orrick.com
**ORRICK HERRINGTON & SUTCLIFFE**
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
Fax: 415-773-5759

(*Via CM/ECF*)

*Attorneys for Defendant and Counter-Plaintiff*
SonoSite, Inc.

DM_US:21604128_1