**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

General Electric Company,

    Plaintiff-Counter-Defendant,        Case No. 08-cv-298-bbc

    v.

SonoSite, Inc.,

    Defendant-Counter-Plaintiff.

---

**PLAINTIFF-COUNTER-DEFENDANT GENERAL ELECTRIC COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE***
**TO PRECLUDE DEFENDANT-COUNTER-PLAINTIFF SONOSITE, INC.**
**FROM ADMITTING EVIDENCE INCONSISTENT WITH**
**THE COURT'S CLAIM CONSTRUCTION ORDER**

---

Plaintiff-Counter-Defendant General Electric Company ("GE") respectfully submits this memorandum in support of its motion *in limine* to preclude Defendant-Counter-Plaintiff SonoSite, Inc. ("SonoSite") from offering evidence or testimony, expert or otherwise, that is inconsistent with the Court's November 26, 2008 Order on claim construction.

## BACKGROUND

At issue in this litigation are claims 11-14 and claims 16-18 of U.S. Patent No. 5,722,412 ("the '412 patent"). Claim 11, the only independent claim, is as follows:

> A handheld ultrasound system comprising:
>> an array transducer; and
>>
>> a sampled data beamformer for delaying and combining samples of echo signals received by elements of said array transducer,
>>
>> wherein said array transducer and said beamformer are located in one or more enclosures weighing less than ten pounds (4.5 kilograms)

(Exhibit 1 (attached herewith) at 23:9-16.) Claim 16 is as follows:

> The handheld ultrasound system of claim 11, wherein said beamformer is a digital beamformer which delays and combines digital echo signals.

(*Id*. at 27: 33-35.) The remaining claims at issue add components, such as a digital filter and an image processor, to those recited in claim 11. (*See id*. at col. 23:17-27, 23:32-40.)

Pursuant to the Court's pretrial scheduling order (DKT 41), the deadline for the parties to file opening claim construction briefs was October 24, 2008, with responses due November 7, 2008. Prior to these deadlines, the parties met and conferred to narrow the number and scope of claim terms requiring construction, and reached agreement on several terms. On November 26, 2008, the Court issued its Opinion and Order on claim construction ("Order") (DKT 82), defining two disputed terms that appear in claim 11 and one disputed term that appears in claim 16. Specifically, the Court defined:

| Term | Construction |
|---|---|
| "a sampled data beamformer for delaying and combining samples of echo signals received by elements of said array transducer" | "in an ultrasound system, one or more components that delay and combine analog or digital samples of echo signals or both such samples received by elements of said array transducer"  (Order at 12-13.) |
| "a digital beamformer which delays and combines digital echo signals" | "in an ultrasound system, one or more components that delay and combine digital echo signals received by elements of said array transducer"  (*Id*. at 13.) |
| "wherein said array transducer and said beamformer are located in one or more enclosures weighing less than ten pounds (4.5 kilograms)" | "wherein the array transducer and the beamformer are located in one or more enclosures, the enclosure(s) with the claimed ultrasound components weighing altogether less than 10 pounds (4.5 kilograms)"  (*Id*. at 13.) |

The Order also sets forth the constructions for terms agreed to by the parties, which are "coupled to the outlet," "digital filter," "image processor," and "digital scan converter." (*Id*. at 13-14.)

Notwithstanding the Order and the parties' agreement on certain terms, Sonosite has recently asserted, for the first time, that "[t]he Court's constructions of 'sampled data beamformer,' 'digital beamformer,' 'digital filter,' 'image processor,' and 'digital scan converter' ***should be clarified to refer to 'in an ultrasound system for use in human or veterinary medicine,' consistent with the intrinsic record***." (Declaration of Jeffrey A. Simmons, Ex. B [Sonosite's Objections and Responses to GE's Third Set of Interrogatories, No. 25] (emphasis added).)  Additionally, in direct contrast to the plain language of the asserted claims, Sonosite appears to be contending that the claims are limited to "diagnostic ultrasound, or medical ultrasound." (Simmons Decl., Ex. A [Sonosite, Inc.'s Objections and Responses to GE's First Set of Requests for Admissions, No. 136].)  Sonosite also appears to contend that the

-2-

claims now require a "particular level of image quality or performance" and "a particular level of power consumption." (*Id*. at Nos. 137, 138.)

Sonosite's newly proposed claim constructions are wholly unsupported by the plain language of the claims and were not raised during *Markman* proceedings. Accordingly, GE requests that Sonosite be precluded from offering any argument, testimony or other evidence that is contrary to the claim construction adopted by the Court's Order. Such relief is needed to ensure orderly presentation of evidence of trial. *See Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir.1997) ("[m]otion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings").

## ARGUMENT

SonoSite's belated request for additional claim construction one month before trial, circumvents the Court's case management order under which claim construction was concluded six months ago.[1] Sonosite had ample opportunity to present its contentions on claim construction to the Court. Prior to submitting opening briefs, the parties met and conferred, agreeing that only certain terms needed construction, and further agreeing that the preamble was not a limitation. (DKT 145, page 7 ¶ 34.) Sonosite fully briefed its positions regarding the proper interpretation of the remaining claim terms at issue. (DKT 56, 67.) The Court issued its Opinion and Order on November 28, 2009, and GE has proceeded with preparing for trial based upon the Order, *e.g.*, expert analysis has been performed in accordance with the constructions set forth in the Order.

---

[1] Not only should Sonosite's newly proposed claim constructions be rejected as untimely, but the constructions improperly import limitations that are not in the plain language of the claims. *See Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988) ("It is the claims that define the claimed invention [.])"

This is not the first time Sonosite has sought to change the claim construction from that in the Order. In an attempt to avoid summary judgment, Sonosite contended that the claims contained additional limitations of, *inter alia*, "image quality" and "peripheral control circuitry." (GE's Reply Brief in Support of its Motion for Summary Judgment of Invalidity and Non-Infringement of U.S. Patent No. 5,722,412 (DKT 180) at 13, 44-45.) As addressed in GE's summary judgment filings, those constructions are not required by the plain language of the claims. Like Sonosite's most recent proposals to change the constructions in the Order, those constructions are untimely.[2]

Notably, Sonosite's new claim constructions are not based on any new evidence, but rather on "intrinsic" evidence (that is the patent with its file history), that has been available since 1998, when the patent issued. Accordingly, Sonosite should not now be permitted to request claim constructions that it should have presented months ago during claim construction briefing.

Courts do not hesitate to grant motions *in limine* to preclude evidence and testimony that varies with the court's construction of disputed claim terms. *See, e.g., Coca-Cola Co. v. Pepsico, Inc.,* No. 1:02-CV-2887-RWS, 2005 WL 5974444 at *2 (N.D. Ga. Mar. 17, 2005) ("[I]nsofar as Coca-Cola seeks to foreclose Defendants from advancing arguments that conflict with this Court's previous construction of the patents, its motion [in limine] will be granted"); *Eaton Corp. v. Parker- Hannifin Corp.,* No. 00-751-SLR, 2003 WL 179992 at *1 (D. Del. Jan. 24, 2003) ("Defendant's motion in limine to preclude certain testimony of Dr. Edward M.

---

[2] In their summary judgment filings, the parties have disagreed as to the meaning of the court's construction of the weight limitation in claim 11. (DKT 180 at 62-67.) GE anticipates the Court will address that issue in its ruling on the summary judgment motions and that the parties would be bound at trial by that ruling of the Court.

Caulfield is granted to the extent that Dr. Caulfield may not give testimony that is inconsistent with the court's claim construction"); *Kemi Foods,L.C. v. Pigmentis Vegetales Del Centro S.A. de C.V.*, No. 4:02-cv-40327, 2004 WL 5508752 at *5 (S.D. Iowa Sept. 9, 2004) ("evidence should be limited to what is consistent with the Court's claim construction").

In the present case the relief sought by GE is necessary to ensure a fair, orderly, and efficient trial.

## CONCLUSION

GE respectfully requests that the Court issue an Order precluding Sonosite from offering into evidence any testimony or other evidence that is inconsistent with the Court's Order on claim construction.

Respectfully submitted,

May 19, 2009                By:  *s/ Jeffrey A. Simmons*

        Allen A. Arntsen
        aarntsen@foley.com
        Jeffrey A. Simmons
        jsimmons@foley.com
        Justin Edwin Gray
        jegray@foley.com
        **FOLEY & LARDNER LLP**
        150 E. Gilman Street
        P.O. Box 1497
        Madison, WI 53701-1497
        Tel: 608-258-4293; Fax: 608-258-4258

        Matthew M. Wolf
        wolfm@howrey.com
        Sara P. Zogg
        zoggsara@howrey.com
        **HOWREY LLP**
        1299 Pennsylvania Avenue N.W.
        Washington, DC 20004
        Tel: 202-783-0800; Fax: 202-383-6610

Jennifer A. Sklenar
sklenarj@howrey.com
**HOWREY LLP**
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: 213-892-1800; Fax: 213-892-2100

Theresa M. Gillis
gillist@howrey.com
**HOWREY LLP**
153 East 53rd Street, 54th Floor
New York, NY 10022
Tel: 212-896-6631; Fax: 212-896-6501

Robert E. McAlhany, Jr., Ph.D.
mcalhanyr@howrey.com
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Tel: 650-798-3500; Fax: 650-798-3600

*Attorneys for Plaintiff-Counter-Defendant*