**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

General Electric Company,

    Plaintiff-Counter-Defendant,                Case No. 08-cv-298-bbc

    v.

SonoSite, Inc.,

    Defendant-Counter-Plaintiff.

**PLAINTIFF-COUNTER-DEFENDANT GENERAL ELECTRIC
COMPANY'S OPPOSITION TO DEFENDANT-COUNTER-PLAINTIFF
SONOSITE'S CROSS-MOTION [DKT 228] IN RESPONSE TO
GE'S MOTION IN LIMINE [DKT 220]**

Plaintiff General Electric Company ("GE") filed a motion in limine [DKT 220] seeking to block recent untimely efforts by Defendant SonoSite, Inc. ("SonoSite") to secure additional claim constructions and to improperly graft additional limitations on the asserted claims. In response, SonoSite has cross-moved [DKT 228] asking that the Court import into the asserted claims a requirement that the "claims pertain to ultrasound imaging systems for use in diagnostic medical applications." SonoSite's request should be denied because:

(1) it is an untimely request for claim construction,

(2) the requested construction is at odds with the positions taken by SonoSite in the pretrial portion of this action, and

(3) it is wrong as a matter of law.

GE has previously set forth the reasons why SonoSite's request for claim construction is untimely [DKT 220]. It will not repeat them here.

SonoSite's contention that the phrase "ultrasound imaging systems for use in diagnostic medical applications" should be read into Claims 11 and 16 flies in the face of the parties' agreement that even the claim preamble's reference to an "ultrasound system" is not a limitation to be considered. *See, e.g.,* DKT 227 at 24. In addition, during the summary judgment proceedings, SonoSite expressly did not dispute that the claims are not limited as to a particular application.

> **GE's Prop. Fndg. of Fact No. 57**. The asserted claims are not limited to diagnostic ultrasound, or medical ultrasound. (*Id.* (DKT 1-2) at col. 23:9-34.)
>
> SonoSite's Response:
>
> UNDISPUTED.

[DKT 164 at 11.]. SonoSite is bound by this admission and may not shift positions at this late date.

Finally – and perhaps most importantly, there is nothing in the body of the claims that could possibly be construed to refer to diagnostic medical applications. While the title of the patent contains the word "diagnostic," the claims were drafted without that term. Nothing in the words of the claims is susceptible of the interpretation now being urged by SonoSite.

SonoSite is improperly attempting to limit the claimed invention to a single application—*i.e.*, medical diagnostics, where the claims do not suggest (let alone recite) such a limitation. Relying on the preferred embodiment described in the specification, SonoSite overlooks a fundamental rule that even "[w]hen the specification describes a single embodiment to enable the invention, [the Federal Circuit] will not limit broader claim language to that single application unless the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction." *See Abbott Labs. v. Sandoz, Inc*., -- F.3d --, 2009 WL 1371410, at *4 (Fed. Cir. May 18, 2009) (concluding that specification alone could not limit the claims to a preferred embodiment); *Liebel-Flarsheim Co. v. Medrad, Inc*., 358 F.3d 898, 906 (Fed. Cir. 2004) ("[T]his court has expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment.").

While the '412 patent may describe a system for use in medical diagnostic applications, it does not limit the invention to those applications. The '412 patent's description does not include words or expressions of manifest exclusion or restriction such as to disavow any other interpretation of the claims. And, the title of the '412 patent cannot form the basis to import limitations into the claim. *See Pitney Bowes, Inc. v. Hewlett-Packard Co*., 182 F.3d 1298, 1313 (Fed. Cir. 1999) ("Consequently, that the patent title has only been mentioned once by this court in the context of claim construction and, even then, merely to make an illustrative point in one

sentence, makes a powerful statement as to the unimportance of a patent's title to claim construction."). Thus, it is inappropriate to import a field of use from the preferred embodiment into the claims. Moreover, though it may be appropriate in certain circumstances to "consider the functions of an invention in seeking to determine the meaning of particular claim language," *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1375 (Fed. Cir. 2009) (quoting *Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005)), this is not a case where ambiguities in "particular claim language" are clarified by the specification. Here, no such ambiguities exist. Rather, in this case, SonoSite is attempting to avoid invalidity by improperly narrowing its claim by importing limitations from the specification.

This case is not like *Honeywell*, upon which SonoSite relies. SonoSite is correct that in the *Honeywell* case the Federal Circuit limited the term "fuel system component" to a "fuel filter." *See* SonoSite Opp., Dkt. 228 at 3. But, there the Federal Circuit determined that the more ambiguous term "fuel injection system component" had a specific and more limited meaning according to the specification. *See, e.g., Honeywell Int'l, Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1318 (Fed. Cir. 2006). Unlike the present situation, in which SonoSite is not construing a particular claim term, the Federal Circuit in *Honeywell* was interpreting ambiguous claim language, and not importing a limiting field of use where the claim did not otherwise require it. Likewise, in *Decisioning.com, Inc. v. Federated Dept. Stores, Inc.*, 527 F.3d 1300, 1308-11 (Fed. Cir. 2008), on which SonoSite also relies, the Federal Circuit was simply construing ambiguous claim language, "remote interface."

The present situation is not analogous to the authorities on which SonoSite relies. Here, SonoSite is proposing to limit the claims to uses described in the specification. This is

inappropriate where, as here, the inventors did not choose to include this feature in the patent claims.

> [I]t is manifest that a claim must explicitly recite a term in need of definition before a definition may enter the claim from the written description. This is so because the claims define the scope of the right to exclude; the claim construction inquiry, therefore, begins and ends in all cases with the actual words of the claim. . . . [T]he resulting claim interpretation must, in the end, accord with the words chosen by the patentee to stake out the boundary of the claimed property.

*Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998) (internal citations omitted). *See also Ventana Med. Sys., Inc. v. Biogenex Labs., Inc.*, 473 F.3d 1173, 1181-82 (Fed. Cir. 2006) ("When the claim addresses only some of the features disclosed in the specification, it is improper to limit the claim to other, unclaimed features. . . . Although the preferred embodiments [described in the specification] also contain a "direct dispensing" feature, the inventors were not required to claim this feature in the [patent-in-suit] and, indeed, did not do so.").

## CONCLUSION

GE respectfully requests that SonoSite's request for further construction of the claims be denied.

Respectfully submitted,

May 29, 2009           By:   *s/ Jeffrey A. Simmons*
                             Allen A. Arntsen
                             aarntsen@foley.com
                             Jeffrey A. Simmons
                             jsimmons@foley.com
                             Justin Edwin Gray
                             jegray@foley.com
                             **FOLEY & LARDNER LLP**
                             150 E. Gilman Street
                             P.O. Box 1497
                             Madison, WI 53701-1497

Tel: 608-258-4293; Fax: 608-258-4258

Matthew M. Wolf
wolfm@howrey.com
Sara P. Zogg
zoggsara@howrey.com
**HOWREY LLP**
1299 Pennsylvania Avenue N.W.
Washington, DC 20004
Tel: 202-783-0800; Fax: 202-383-6610

Jennifer A. Sklenar
sklenarj@howrey.com
**HOWREY LLP**
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: 213-892-1800; Fax: 213-892-2100

Theresa M. Gillis
gillist@howrey.com
**HOWREY LLP**
153 East 53rd Street, 54th Floor
New York, NY 10022
Tel: 212-896-6631; Fax: 212-896-6501

Robert E. McAlhany, Jr., Ph.D.
mcalhanyr@howrey.com
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Tel: 650-798-3500; Fax: 650-798-3600

*Attorneys for Plaintiff-Counter-Defendant*